No. 138

NORTH SHAKER BLVD. CO. et v HARRIMAN NAT'L. BANK

No. 18907. Supreme Court.

Pending on Motion to Cuyahoga Appeals to certify. Dock. Jan. 14, 1925. 3 Abs. 34.

755. MECHANICS LIEN—Is priority over trust deed and mortgage precluded, if construction work is commenced prior to recording of mortgage?

787. MORTGAGES—Does failure to comply with foreign corporation statutes of Ohio, as to trust companies, invalidate it?

Epitomized Opinion

Published only in Ohio Law Abstract

This was an action in foreclosure, originally brought in the Cuyahoga Common Pleas by the Harriman National Bank of New York City, as trustee, and was based upon deed of trust and mortgage to said trustee by the North Shaker Blvd. Co.

This company and its receiver were the only ones of a multitude of plaintiffs in error who were not holders of mechanic's liens on the property being foreclosed upon, and were originally made party defendants. The Common Pleas held that the Bank, as Trustee, held a valid mortgage in the sum of $1,403,335.86, and that the lien of the mortgage was valid and prior to all mechanic's liens.

The record shows that one, Kirby, became interested in some land situated in Shaker Heights Village, upon which he contemplated constructing apartments. He is alleged to have organized various companies to go forward with the pre-construction process, the chief company formed being the Hunting Construction Co., which was to have charge of the bulk of the work on a cost plus basis. The Cleveland Discount Co., of which Kirby was president, entered into a contract with the North Shaker Blvd. Co. to purchase $3,000,000 worth of first mortgage bonds at 80 cents on the dollar; and the Harriman Natl. Bank was procured to act in the capacity of Trustee on the bond issue. The agreement was substantially; that the bonds were to be released to the Cleveland Discount Co. as fast as money was advanced for payment by said Company.

At the time the bank accepted the trust, it had not qualified under 178 GC., being a foreign corporation, and had not complied with 710-151 GC of the Banking Code, by filing a certified copy of its certificate to do business with the Ohio superintendent of Banks. At a time, when $1,309,500 had been paid in by the Discount Co., work on the construction of apartment houses is alleged to have stopped. Of the $1,309,500, $206,500 had been sold to the public, and at the trial of the case $110,500 worth of these bonds remained in the hands of the receivers of the Cleveland Discount Co., being held as security on what were known as Cleveland Discount Bonds.

The Boulevard Co. and the multitude of plaintiffs in error having mechanic's liens contend that said liens have priority over the

## STATE SUPREME COURT—Continued

trust deed and mortgage because construction on the apartment house project was commenced before the mortgage had been recorded. That liens date from the time material and labor was furnished, and improvements started on the site. Evidence introduced by plaintiffs showed various data according to which such material, labor and improvements were furnished; prior to date of recording mortgage, and upon which the right to liens spring into existence prior to the mortgage liens. The above contentions are supported by facts which tend to show that an architect was employed as early as March, 1922, to make plans. In May, 1922, the plans were completed and accepted and the contract with the Hunting Const. Co. was entered into. The Blvd. Co. claims that mortgage was recorded May 26, 1922.

The trial court held that it was not necessary for the bank to comply with Ohio foreign corporation statutes, and that such part of its foreign corporation statutes as require compliance with such statutes are invalid, insofar as they require a national bank to comply with them, such statutes being inconsistent with federal legislation. The court of Appeals sustained the common pleas as to the validity and priority of the mortgage. The Boulevard company and the other plaintiffs in error herein, then made application to the Supreme Court, claiming the decision of the Court of Appeals to be erroneous.

Two questions are specifically presented by the Blvd Co. for consideration by the Supreme Court:

First, as to the priority of the mortgage deed over the mechanic's liens; and second, as to the validity of the mortgage deed.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp; Griswold, Green, Palmer & Hadden, et al. for Blvd Co.; Bertram L. Kraus and Ulmer and Berne, and Thompson, Hine & Flory for Bank. All of Cleveland except Kraus, of New York.

NOTE.—In No. West Blvd Co. v Cain, 2 Abs. 324 (see Conc. Abs. An. page 47) involving priority between mortgage lien and mechanic's liens, motion to order record certified, was overruled by the Supreme Court.